12332-TRW,MMP                                    F:\Trw\12332\pldgs\Answer_Pierce.wpd    ATTY # 06184955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID DUGAN,

                    Plaintiff,

vs.

VILLAGE OF HAZEL CREST, HAZEL CREST
POLICE OFFICER D. PIERCE, STAR NO. 218,
and UNKNOWN UNNAMED POLICE OFFICER,
Individually,

                    Defendants.

No. 08CV3219

Judge Castillo

Magistrate Judge Cole

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, OFFICER DERRY PIERCE, by and through his attorneys,

NORTON, MANCINI & WEILER and for his answer to Plaintiff's complaint, states as follows:

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and Civil Rights Act of

1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343 and 1331.

       **ANSWER:**   Defendant admits that the Plaintiff has asserted this claim under the
                  provisions of the United States Constitution and Civil Right Act of
                  1871(42 U.S.C. §1983), but denies any violation of the same. Defendant
                  admits that the court has jurisdiction as alleged.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

**ANSWER:**   Defendant admits the allegations as set forth in paragraph 2 of Plaintiff's complaint at law.

## PARTIES

3.    At all times herein mentioned, Plaintiff DAVID DUGAN was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 3 of Plaintiff's complaint at law.

4.    At all times herein mentioned Defendant Hazel Crest Police Officer, D. PIERCE Star No. 218 ("PIERCE") was employed by the Hazel Crest Police Department, and was acting under color of state law and as an employee, agent, or representative of the Hazel Crest Police Department.  This Defendant is being sued in his individual capacity.

**ANSWER:**   Defendant admits the allegations as set forth in paragraph 4 of Plaintiff's complaint at law.

5.    At all times herein mentioned Defendant Unknown Unnamed Hazel Crest Police Officer, ("Unknown Officer") was employed by the Hazel Crest Police Department, and was acting under color of state law and as an employee, agent, or representative of the Hazel Crest Police Department.  This Defendant is being sued in his individual capacity and will be identified by name once his identity is ascertained.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 5 of Plaintiff's complaint at law.

6.    At all times herein mentioned, the VILLAGE OF HAZEL CREST was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all

2

relevant times, the VILLAGE OF HAZEL CREST maintained, managed, and/or operated the

Hazel Crest Police Department.

> **ANSWER:** Defendant admits the allegations as set forth in paragraph 6 of Plaintiff's
> complaint at law.

## FACTUAL ALLEGATIONS

7.     On or about June 18, 2007, Plaintiff was lawfully at his home, in the Village of

Hazel Crest, County of Cook, State of Illinois.

> **ANSWER:** Defendant denies the Plaintiff was acting lawfully at the time in question,
> but admits all remaining allegations as set forth in paragraph 7 of
> Plaintiff's complaint at law.

8.     At that time and place defendants seized the plaintiff.

> **ANSWER:** Defendant admits the Plaintiff was arrested on the date alleged.

9.     Plaintiff did not consent to being seized.

> **ANSWER:** Defendant admits the Plaintiff resisted arrest.

10.     There was no outstanding arrest warrant for plaintiff.

> **ANSWER:** Defendant admits the allegations as set forth in paragraph 10 of Plaintiff's
> complaint at law.

11.     There was no legal cause to seize plaintiff.

> **ANSWER:** Defendant denies the allegations as set forth in paragraph 11 of Plaintiff's
> complaint at law.

12.     During the course of seizing plaintiff one or both defendants used force against

plaintiff.

> **ANSWER:** Defendant admits that force was required in order to effect the Plaintiff's
> arrest.

13.     There was no legal cause for defendants to use force against plaintiff.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 13 of Plaintiff's complaint at law.

14.     By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 14 of Plaintiff's complaint at law.

15.     The aforementioned acts of defendants were willful, wanton, malicious. oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 15 of Plaintiff's complaint at law.

16.     By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the lass and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 16 of Plaintiff's complaint at law.

## COUNT I

17.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

>    **ANSWER:**    Defendant repeats and realleges his answers to paragraphs 1 through 16 above as his answer to paragraph 17 of Count I of Plaintiff's complaint at law as though fully set forth herein.

18.    By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

>    **ANSWER:**    Defendant denies the allegations as set forth in paragraph 18 of Count I of Plaintiff's complaint at law.

19.    The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law.  The Defendants violated the Plaintiff's rights in the following manner: the seizure of the Plaintiff was without any legal cause.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

>    **ANSWER:**    Defendant denies the allegations as set forth in paragraph 19 of Count I of Plaintiff's complaint at law.

## COUNT II

20.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER:**     Defendant repeats and realleges his answers to paragraphs 1 through 16 above as his answer to paragraph 20 of Count II of Plaintiff's complaint at law as though fully set forth herein.

21.     During and immediately after Plaintiff's seizure Defendants used excessive force against Plaintiff's person.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 21 of Count II of Plaintiff's complaint at law.

22.     There was no legal cause for Defendants to sue force against Plaintiff.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 22 of Count II of Plaintiff's complaint at law.

23.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 23 of Count II of Plaintiff's complaint at law.

24.     The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and therefore in violation of Plaintiff's Fourth Amendment Rights.  Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 24 of Count II of Plaintiff's complaint at law.

## COUNT III

25.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER:**     Defendant repeats and realleges his answers to paragraphs 1 through 16 above as his answer to paragraph 25 of Count II of Plaintiff's complaint at law as though fully set forth herein.

26.     Defendants PIERCE and/or UNKNOWN OFFICER caused a criminal prosecution to commence against the Plaintiff.

**ANSWER:**     Defendant admits to signing a complaint on behalf of Plaintiff's wife for domestic violence. Defendant denies the remaining allegations as set forth in paragraph 26 of Count III of Plaintiff's complaint at law.

27.     Defendants PIERCE and/or UNKNOWN OFFICER, police officers employed by the VILLAGE OF HAZEL CREST, maliciously commenced and caused to be continued a criminal action against the Plaintiff without probable cause.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 27 of Count III of Plaintiff's complaint at law.

28.     Defendants PIERCE and/or UNKNOWN OFFICER facilitated this malicious prosecution by the creation of false evidence, by giving false police reports, and/or signing false criminal complaint against the Plaintiff.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 28 of Count III of Plaintiff's complaint at law.

29.     The criminal proceedings were terminated in the Plaintiff's favor in or about July, 2007.

**ANSWER:**     Defendant denies the allegations as set forth in paragraph 29 of Count III of Plaintiff's complaint at law.

30.     The VILLAGE OF HAZEL CREST is liable to Plaintiff for the acts of PIERCE and/or UNKNOWN OFFICER pursuant to the doctrine of *respondeat superior*.

> **ANSWER:**   Defendant makes no answer to the allegations as set forth in paragraph 30 as these allegations constitute legal conclusions.  To the extent that an answer is deemed necessary, Defendant denies the allegations as set forth in paragraph 30 of Count III of Plaintiff's complaint at law.

31.     Therefore, Defendants, PIERCE, UNKNOWN OFFICER, and the VILLAGE OF HAZEL CREST are liable under the state supplemental claim of Malicious Prosecution.

> **ANSWER:**   Defendant denies the allegations as set forth in paragraph 31 of Count III of Plaintiff's complaint at law.

WHEREFORE, Defendant, OFFICER DERRY PIERCE, denies that the Plaintiff is entitled to any sum whatsoever and prays for judgment in his favor and against the Plaintiff plus cost of suit.

## **AFFIRMATIVE DEFENSE**

Defendant, OFFICER DERRY PIERCE, is immune from liability pursuant to the doctrine of qualified immunity, as his actions were discretionary and, under the circumstances, were objectively reasonable and, therefore, did not violate any clearly established constitutional right of the Plaintiff.

WHEREFORE, the Defendant, OFFICER DERRY PIERCE, denies that he is liable to the Plaintiff and prays for judgment in his favor and against the Plaintiff and further prays that he be awarded cost of suit and any additional relief deemed appropriate by the Court.

Respectfully Submitted,


By:   /s/ Thomas R. Weiler
            Thomas R. Weiler


Thomas R. Weiler

8

Meredith M. Pate
NORTON, MANCINI & WEILER
111 West Washington Street
Suite 835
Chicago, Illinois 60602-2793
312/807-4999

## CERTIFICATE OF SERVICE

I hereby certify that on **July 8, 2008**, I filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW** by using the CM/ECF system, which sent notification of such filings to the following attorneys of record:

By: __/s/ Thomas R. Weiler_____
Thomas R. Weiler

NORTON, MANCINI & WEILER
Attorneys for Defendant, OFFICER DERRY PIERCE
111 West Washington Street, Suite 835
Chicago, IL 60602-2793
(312) 807-4999
Attorney No. 06184955