12332-TRW,MMP                    F:\Trw\12332\pldgs\Answer_Village.wpd   ATTY # 06184955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DUGAN, | |
| Plaintiff, | |
| vs. | No. 08CV3219 |
| VILLAGE OF HAZEL CREST, HAZEL CREST POLICE OFFICER D. PIERCE, STAR NO. 218, and UNKNOWN UNNAMED POLICE OFFICER, Individually, | Judge Castillo |
| | Magistrate Judge Cole |
| Defendants. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, VILLAGE OF HAZEL CREST, by and through its attorneys, NORTON, MANCINI & WEILER and for its answer to Plaintiff's complaint, states as follows:

**JURISDICTION AND VENUE**

1.  This action arises under the United States Constitution and Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

   **ANSWER:**   Defendant admits that the Plaintiff has asserted this claim under the provisions of the United States Constitution and Civil Right Act of 1871(42 U.S.C. §1983), but denies any violation of the same. Defendant admits that the court has jurisdiction as alleged.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

> **ANSWER:** Defendant admits the allegations as set forth in paragraph 2 of Plaintiff's complaint at law.

## PARTIES

3. At all times herein mentioned, Plaintiff DAVID DUGAN was and is a citizen of the United States, and was within the jurisdiction of this court.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 3 of Plaintiff's complaint at law.

4. At all times herein mentioned Defendant Hazel Crest Police Officer, D. PIERCE Star No. 218 ("PIERCE") was employed by the Hazel Crest Police Department, and was acting under color of state law and as an employee, agent, or representative of the Hazel Crest Police Department. This Defendant is being sued in his individual capacity.

> **ANSWER:** Defendant admits the allegations as set forth in paragraph 4 of Plaintiff's complaint at law.

5. At all times herein mentioned Defendant Unknown Unnamed Hazel Crest Police Officer, ("Unknown Officer") was employed by the Hazel Crest Police Department, and was acting under color of state law and as an employee, agent, or representative of the Hazel Crest Police Department. This Defendant is being sued in his individual capacity and will be identified by name once his identity is ascertained.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 5 of Plaintiff's complaint at law.

6. At all times herein mentioned, the VILLAGE OF HAZEL CREST was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all

relevant times, the VILLAGE OF HAZEL CREST maintained, managed, and/or operated the Hazel Crest Police Department.

**ANSWER:** Defendant admits the allegations as set forth in paragraph 6 of Plaintiff's complaint at law.

## FACTUAL ALLEGATIONS

7. On or about June 18, 2007, Plaintiff was lawfully at his home, in the Village of Hazel Crest, County of Cook, State of Illinois.

**ANSWER:** Defendant denies the Plaintiff was acting lawfully at the time in question, but admits all remaining allegations as set forth in paragraph 7 of Plaintiff's complaint at law.

8. At that time and place defendants seized the plaintiff.

**ANSWER:** Defendant admits the Plaintiff was arrested on the date alleged.

9. Plaintiff did not consent to being seized.

**ANSWER:** Defendant admits the Plaintiff resisted arrest.

10. There was no outstanding arrest warrant for plaintiff

**ANSWER:** Defendant admits the allegations as set forth in paragraph 10 of Plaintiff's complaint at law.

11. There was no legal cause to seize plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in paragraph 11 of Plaintiff's complaint at law.

12. During the course of seizing plaintiff one or both defendants used force against plaintiff.

**ANSWER:** Defendant admits that force was required in order to effect the Plaintiff's arrest.

13. There was no legal cause for defendants to use force against plaintiff.

   **ANSWER:** Defendant denies the allegations as set forth in paragraph 13 of Plaintiff's complaint at law.

14. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

   **ANSWER:** Defendant denies the allegations as set forth in paragraph 14 of Plaintiff's complaint at law.

15. The aforementioned acts of defendants were willful, wanton, malicious. oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

   **ANSWER:** Defendant denies the allegations as set forth in paragraph 15 of Plaintiff's complaint at law.

16. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the lass and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

   **ANSWER:** Defendant denies the allegations as set forth in paragraph 16 of Plaintiff's complaint at law.

## COUNT I

Defendant, VILLAGE OF HAZEL CREST, makes no answer to the allegations contained in Count I of Plaintiff's complaint at law as they are not directed against it.

## COUNT II

Defendant, VILLAGE OF HAZEL CREST, makes no answer to the allegations contained in Count II of Plaintiff's complaint at law as they are not directed against it.

## COUNT III

25. Plaintiff hereby incorporates and realleges Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

**ANSWER:** Defendant, VILLAGE OF HAZEL CREST, repeats and realleges its answers to paragraphs 1 through 16 above as its answer to paragraph 25 of Count II of Plaintiff's complaint at law as though fully set forth herein.

26. Defendants PIERCE and/or UNKNOWN OFFICER caused a criminal prosecution to commence against the Plaintiff.

**ANSWER:** Defendant admits that Detective Pierce signed a complaint on behalf of Plaintiff's wife for domestic violence. Defendant denies the remaining allegations as set forth in paragraph 26 of Count III of Plaintiff's complaint at law.

27. Defendants PIERCE and/or UNKNOWN OFFICER, police officers employed by the VILLAGE FO HAZEL CREST, maliciously commenced and caused to be continued a criminal action against the Plaintiff without probable cause.

**ANSWER:** Defendant denies the allegations as set forth in paragraph 27 of Count III of Plaintiff's complaint at law.

28. Defendants PIERCE and/or UNKNOWN OFFICER facilitated this malicious prosecution by the creation of false evidence, by giving false police reports, and/or signing false criminal complaint against the Plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in paragraph 28 of Count III of Plaintiff's complaint at law.

29. The criminal proceedings were terminated in the Plaintiff's favor in or about July, 2007.

**ANSWER:** Defendant denies the allegations as set forth in paragraph 29 of Count III of Plaintiff's complaint at law.

30. The VILLAGE OF HAZEL CREST is liable to Plaintiff for the acts of PIERCE and/or UNKNOWN OFFICER pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendant makes no answer to the allegations as set forth in paragraph 30 as these allegations constitute legal conclusions. To the extent that an answer is deemed necessary, Defendant denies the allegations as set forth in paragraph 30 of Count III of Plaintiff's complaint at law.

31. Therefore, Defendants, PIERCE, UNKNOWN OFFICER, and the VILLAGE OF HAZEL CREST are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:** Defendant denies the allegations as set forth in paragraph 31 of Count III of Plaintiff's complaint at law.

WHEREFORE, Defendant, VILLAGE OF HAZEL CREST, denies that the Plaintiff is entitled to any sum whatsoever and prays for judgment in its favor and against the Plaintiff plus cost of suit.

                                        Respectfully Submitted,

                                      By:  <u>/s/ Thomas R. Weiler</u>
                                               Thomas R. Weiler

Thomas R. Weiler
Meredith M. Pate
NORTON, MANCINI & WEILER
111 West Washington Street
Suite 835
Chicago, Illinois 60602-2793
312/807-4999

**CERTIFICATE OF SERVICE**

      I hereby certify that on **July 8, 2008**, I filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW** by using the CM/ECF system, which sent notification of such filings to the following attorneys of record:

      By:   /s/ Thomas R. Weiler
            Thomas R. Weiler

NORTON, MANCINI & WEILER
Attorneys for Defendant, VILLAGE OF HAZEL CREST
111 West Washington Street, Suite 835
Chicago, IL 60602-2793
(312) 807-4999
Attorney No. 06184955